IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>PARISH CHEMICAL COMPANY and UINTAH PHARMACEUTICAL CORPORATION,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09cv804<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is a motion to withdraw as counsel filed by Evan A. Schmutz and Aaron Harris from the law firm of Hill, Johnson & Schmutz, LC, counsel for Parish Chemical Company and Uintah Pharmaceutical Corporation (collectively, "Defendants").[2]  On August 18, 2011, the court held a hearing on the motion.  At the hearing, Joshua Van Eaton and Jerel L. Ellington appeared by telephone, and Jared C. Bennett appeared in person, all on behalf of the United States of America ("Government").  Aaron Harris appeared on behalf of Defendants, and Dr. Wesley Parish, the principal of both Defendants, was also present.  Before the hearing, the court carefully considered the motion,

---

[1] *See* docket no. 3.

[2] *See* docket no. 60.

memoranda, and other materials submitted by the parties. After considering the arguments of counsel and taking the motion under advisement, the court renders the following memorandum decision and order.

Counsel for Defendants move this court for an order allowing them to withdraw from representing Defendants on the grounds that Defendants are substantially behind in their payment of legal fees. Counsel for Defendants further assert that Mr. Schmutz, the main partner on the matter, is out of the country until 2014, and that there is no other partner at the firm willing to take over this case. The Government opposes Defendants' counsel's motion until such time as substitute counsel makes an appearance on Defendants' behalf. The Government asserts that due to the posture of this case, i.e., Preliminary Injunction violations and a likely forthcoming motion for contempt proceedings, it would be difficult and potentially prejudicial to it for this court to allow Defendants' counsel to withdraw from this matter.

It is well established that, in order for a corporation to appear in court, it must be represented by counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."). Likewise, civil rule 83-1.4(a)(2) of the United States District Court for the District of Utah Rules of Practice ("local rules") provides:

> No attorney of record will be permitted to withdraw after an action has been set for trial unless (i) the Motion to Withdraw as Counsel includes a certification signed by a substituting attorney indicating that such attorney has been advised of

>the trial date and will be prepared to proceed with trial; (ii) the application includes a certification signed by the moving attorney's client indicating that the party is prepared for trial as scheduled and is eligible pursuant to DUCivR 83-1.3 to appear pro se at trial; or (iii) good cause for withdrawal is shown, including without limitation, with respect to any scheduling order then in effect.

DUCivR 83-1.4(a)(2).  This matter is set for a 15-day jury trial beginning on February 6, 2012.[3]

Upon questioning by the court at the hearing, Dr. Parish indicated that while Defendants are somewhat financially viable companies, the Preliminary Injunction required them to cease production and prohibited them from filling any further purchase orders.  As a result, Dr. Parish stated, Defendants have laid off their production employees.  However, Dr. Parish further indicated that Defendants continue to employ workers and that they could pay the clean up costs if Clean Harbors, a hazardous waste disposal company, would accept their business.  According to Dr. Parish, Clean Harbors has a monopoly on the hazardous waste disposal business in the region, Clean Harbors has refused to conduct business with Defendants, and there are no other disposal options within a 1000-mile radius.  Dr. Parish also stated that he had made some efforts to obtain alternative counsel and would continue to do so.

In response, Mr. Van Eaton stated that one of the Government's expert witnesses opined that Defendants are in serious financial distress.  Mr. Van Eaton also stated that Defendants have other hazardous waste disposal options but cannot afford to pursue them.

The court concludes that counsel for Defendants have demonstrated "good cause for withdrawal" under local rule 83-1.4(a)(2)(iii).  DUCivR 83-1.4(a)(2)(iii).  Mr. Harris stated that he and Mr. Schmutz have had numerous conversations with Dr. Parish regarding past due

---

[3] *See* docket no. 15.

amounts and that Dr. Parish is either unwilling or unable to pay for legal services rendered. Accordingly, the Defendants' motion is **GRANTED**.  As such, Mr. Schmutz, Mr. Harris, and the law firm of Hill, Johnson & Schmutz are permitted to withdraw as counsel for Defendants.

The court further orders that Defendants, through Dr. Parish, have until September 9, 2011, to secure alternate counsel.  New counsel must file a notice of appearance by that date. Should Defendants fail to secure alternate counsel due to financial inability, they are ordered to show cause why they have not filed for bankruptcy protection by September 9, 2011.  Likewise, failure to secure alternate counsel for any other reason may result in sanctions pursuant to rule 16(f)(1) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 16(f)(1); *see also* DUCivR 83-1.4(a)(1)(B).

**IT IS SO ORDERED.**

DATED this 19th day of August, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge